IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRUCE MILLARD § | |
| And SHANNON MILLARD § | |
| *Plaintiff* § | |
| § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. _____ |
| ROADREADY TRANSFER SERVICE, INC. and § | |
| CHRISTOPHER J. DELABRUE § | |
| § | |
| *Defendants* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, BRUCE MILLARD and SHANNON MILLARD, (hereinafter referred to as "PLAINTIFFS"), and files this his Original Complaint complaining of ROADREADY TRANSFER SERVICE INC., (hereinafter referred to as "Defendant") and CHRISTOPHER J. DELABRUE (hereinafter referred to as "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

I.

Jurisdiction and Venue

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.  The Plaintiff is a citizen of the State of Texas.  The Defendant, ROADREADY TRANSFER SERVICE, INC., is a foreign corporation, organized and formed in the State of Wisconsin, is not a citizen of Texas and its principle office is in the State of Wisconsin. Defendant, CHRISTOPHER J. DELABRUE, is not a citizen of Texas and is a citizen of the State of Wisconsin.

(2) Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

II.

Parties

(3) The Plaintiffs are residents of Hopkins County, Texas.

(4) The Defendant, ROADREADY TRANSFER SERVICE INC. is a foreign corporation organized and existing under the laws of Wisconsin and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, GARY J. NEIDERT, 1205 WEST STREET, WAUSAU, WISCONSIN 54401 via certified mail, return receipt requested.

(5) Defendant, CHRISTOPHER J. DELABRUE, is an individual residing at 6767 W. SHAWPOKASIC STREET, NEOPIT, WISCONSIN 54150 and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code. Defendant, CHRISTOPHER J. DELABRUE, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers

to CHRISTOPHER J. DELABRUE, 6767 W. SHAWPOKASIC STREET, NEOPIT, WISCONSIN 54150 via certified mail, return receipt requested.

III.

Factual Allegations

(6) On or about May 4, 2016, Plaintiff, BRUCE MILLARD, was operating his vehicle in a safe and prudent manner Northbound on SOUTH HILLCREST DRIVE when suddenly and without warning a truck tractor and semi trailer operated by the Defendant, CHRISTOPHER J. DELABRUE, struck Plaintiff's vehicle. At the time of the collision in question, the Defendant, CHRISTOPHER J. DELABRUE, was traveling Southbound on SOUTH HILLCREST DRIVE. At the time of the collision in question, the Defendant, CHRISTOPHER J. DELABRUE, was driving with permission, in the course and scope of his employment with his employer, Defendant, ROADREADY TRANSFER SERVICE, INC., a 2013 White International 8300 Trailer bearing VIN # 3HSDJSJR0N044576 towing a 2005 White Utility Trailer bearing VIN # 1UYV82539P010025. Due to the acts of the Defendant driver, including but not limited to driver in-attention, failure to yield the right of way, and attempting to make an unsafe left turn. Defendant, CHRISTOPHER J. DELABRUE, caused the vehicle he was operating to collide with the vehicle Plaintiff was operating. As a result of the collision in question, Plaintiff sustained severe permanent and disabling injuries.

(7) At all times relevant to this lawsuit, Defendant, CHRISTOPHER J. DELABRUE, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(8) At all times relevant to this lawsuit, Defendant, ROADREADY TRANSFER SERVICE INC., was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(9) At all times relevant to this lawsuit, Defendant, ROADREADY TRANSFER SERVICE INC., was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(10) At all times relevant to this lawsuit, Defendant, ROADREADY TRANSFER SERVICE INC., was an "employer" as defined by 49 C.F.R. §390.5.

(11) At all times relevant to this lawsuit, Defendant, CHRISTOPHER J. DELABRUE, was an "employee" of Defendant, ROADREADY TRANSFER SERVICE INC., as per 49 C.F.R. §390.5.

(12) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, CHRISTOPHER J. DELABRUE, was an employee of Defendant, ROADREADY TRANSFER SERVICE INC., and operating a commercial motor vehicle on behalf of Defendant, ROADREADY TRANSFER SERVICE INC., under and by the authority of Defendant, ROADREADY TRANSFER SERVICE INC., pursuant to Defendant, ROADREADY TRANSFER SERVICE INC.'s, Federal DOT Number 284372.

IV.

Cause of Action:  Defendant  CHRISTOPHER J. DELABRUE

(13) Plaintiffs incorporate by reference paragraphs 1 through 12 above.

(14) Plaintiff alleges that Defendant, CHRISTOPHER J. DELABRUE, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant:
   a. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;
   b. In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;
   c. In failing to yield the right of way as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances
   d. In attempting to make an unsafe left turn in front of traffic including the vehicle Plaintiff was operating.
   e. Defendant was negligent in other respects.

(15) Defendant, CHRISTOPHER J. DELABRUE'S acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se.  In this regard, Defendant,

CHRISTOPHER J. DELABRUE, violated the standards of conduct set forth in Tex. Trans. Code §545.051(b), 545.101(b)(1), 545.101(b)(2), 545.101(c), 545.103, and 545.104(b) and 49 C.F.R. §392.2. Plaintiff further states that the Defendant, CHRISTOPHER J. DELABRUE's acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

V.

Cause of Action:  Defendant  ROADREADY TRANSFER SERVICE INC.

(16) Plaintiff incorporates by reference paragraphs 1 through 15 above.

(17) Plaintiff would further show that at the time of the accident made the basis of this lawsuit, Defendant, CHRISTOPHER J. DELABRUE, was an employee of Defendant, ROADREADY TRANSFER SERVICE INC.  and acting within the course and scope of his employment for Defendant, ROADREADY TRANSFER SERVICE INC., and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiff hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendant, ROADREADY TRANSFER SERVICE INC., is imputed to Defendant, ROADREADY TRANSFER SERVICE INC., and Defendant, ROADREADY TRANSFER SERVICE INC., is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(18) Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, CHRISTOPHER J. DELABRUE, was, and is considered a statutory employee of Defendant, ROADREADY TRANSFER SERVICE INC., pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, ROADREADY TRANSFER SERVICE INC. is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

(19) Plaintiffs would further show that prior to the time the collision occurred, Defendant, ROADREADY TRANSFER SERVICE INC., was the owner and was in possession, custody and control of the truck tractor driven by Defendant, CHRISTOPHER J. DELABRUE, on the date of the accident made the basis of this lawsuit.  On or about May 4, 2016, Defendant, ROADREADY

TRANSFER SERVICE INC., directed Defendant, CHRISTOPHER J. DELABRUE, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, CHRISTOPHER J. DELABRUE, operated said vehicle with the knowledge, consent and permission of Defendant, ROADREADY TRANSFER SERVICE INC.

(20) Plaintiff would further show that Defendant, ROADREADY TRANSFER SERVICE INC., was the owner of the vehicle that was being driven by Defendant, CHRISTOPHER J. DELABRUE, at the time of the accident made the basis of this lawsuit.  Defendant, ROADREADY TRANSFER SERVICE INC., was negligent in entrusting the vehicle to Defendant, CHRISTOPHER J. DELABRUE, who was a careless, incompetent and reckless driver.  Defendant, ROADREADY TRANSFER SERVICE INC., knew or should have known that Defendant, CHRISTOPHER J. DELABRUE, was a careless, incompetent and reckless driver.  Defendant, ROADREADY TRANSFER SERVICE INC., was negligent in entrusting the vehicle to its employee, Defendant, CHRISTOPHER J. DELABRUE, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

(21) Plaintiff further alleges that Defendant, ROADREADY TRANSFER SERVICE INC., through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, ROADREADY TRANSFER SERVICE INC.:
   a. In hiring and/or retaining its employee driver;
   b. In allowing its employee to drive the vehicle in question; and
   c. In failing to instruct, supervise, and control its employee driver.

(22) Plaintiff further alleges that Defendant, ROADREADY TRANSFER SERVICE INC., by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further

alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff. Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

VI.

Damages

(23) Plaintiff, BRUCE MILLARD, damages include past, and probable future loss, which includes:
   a. Pain and mental anguish;
   b. Physical and mental impairment
   c. Disfigurement;
   d. Loss of Wages;
   e. Loss of Wage Earning Capacity; and
   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

Plaintiff's spouse, SHANNON MILLARD, as a result of the incident caused by the fault, breach of duties and negligence of the Defendants, has suffered past and future loss of consortium and damage to the husband-wife relationship, including the loss of affection, solace, comfort, companionship, society, assistance, household services, emotional support, love and felicity necessary to a successful marriage.

(24) Plaintiff respectfully requests a trial by jury on all issues.

(25) Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment

interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

                                                s/*Jimmy M. Negem*
Jimmy M. Negem
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Negem & Worthington
1828 ESE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)

ATTORNEYS FOR PLAINTIFFS